UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VICTOR CIARDI, | No. 2:25-cv-02353 WBS DMC |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |
| FORD MOTOR COMPANY, | |
| Defendant. | |

----oo0oo----

Before the court is plaintiff's motion to remand. (Docket No. 9-3.)[1] Plaintiff argues that remand is necessary because the court lacks subject matter jurisdiction to hear this action, which consists of vehicular warranty claims brought pursuant to California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq. (See Docket No. 9-3 at 2, 9-10.) Specifically, plaintiff contends that the

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230(g). The scheduled January 5, 2026 hearing on the motion is hereby VACATED.

1

amount-in-controversy requirement established in 28 U.S.C. § 1332(a) is not met.  (See id. at 11-24.)

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions in which the parties are completely diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[2]  28 U.S.C. § 1332(a).

To determine the amount in controversy, the court must look to the "face of the pleadings," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938), but may also consider "facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).  "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (quotations omitted).

---

[2] The parties do not dispute that they are completely diverse. Indeed, plaintiff is a California citizen, and defendant is a Delaware citizen.  (See Docket No. 1-2 (Compl.) at 6.)  Because they are citizens of different states, they are completely diverse.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

2

    The amount in controversy is "not a prospective assessment of defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).  Rather, it is the "amount at stake in the underlying litigation." Gonzales, 840 F.3d at 648 (citation modified); see also Lewis, 627 F.3d at 400 (amount in controversy is "simply an estimate of the total amount in dispute").  It may include, among other things, "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Gonzales, 840 F.3d at 648-49.

    To estimate plaintiff's actual damages in this case, defendant began by identifying the vehicle at-issue's purchase price of $29,341.10. (Docket No. 1-1 at 4-5.)  Defendant did so by referencing the sales contract pursuant to which plaintiff purchased this vehicle. (See id.)  Defendant then adjusted the purchase price downward by $414.69 to account for the mileage plaintiff incurred on his vehicle using the method specified by the Song-Beverly Act. (Docket No. 11 at 8.)  As plaintiff claims his vehicle is now worthless (see Compl. at 7), defendant argues that plaintiff's actual damages consist of this adjusted amount ($28,926.41). (See Docket Nos. 1-1 at 5, 11 at 8.)  By employing this methodology, defendant has established plaintiff's actual damages by a preponderance of the evidence. See Chavez, 888 F.3d at 416.

    In addition to actual damages, the Song-Beverly Act allows for civil penalties assessed at no more than twice the amount of actual damages "[i]f the buyer establishes that the

3

failure to comply [with the Act] was willful." Cal. Civ. Code § 1794(c). While "[t]he Ninth Circuit has not addressed whether to include statutory civil penalties in the amount in controversy of an action arising under the Song-Beverly Act," "several federal district courts within the state of California, including this court, have found that the court may consider statutory civil penalties in assessing the amount in controversy." Martinez v. Ford Motor Co., No. 2:25-cv-415 WBS CSK, 2025 WL 1186749, at *2 (E.D. Cal. Apr. 24, 2025) (collecting cases).

Plaintiff expressly prays for this relief in his complaint: He requests "a civil penalty in the amount of two times [his] actual damages pursuant to" Cal. Civ. Code § 1794. (Compl. at 17-18.) He repeatedly alleges that this penalty is warranted because Ford willfully "fail[ed] to comply with its obligations" under various provisions of the Song-Beverly Act. (See, e.g., Compl. at 5 (willful failure to comply with Cal. Civ. Code § 1793.2(b) obligations), 6 (willful failure to comply with Cal. Civ. Code § 1793.2(a)(3) obligations).) By seeking civil penalties, plaintiff has placed them "at stake in the underlying litigation." Gonzales, 840 F.3d at 648. They are therefore proper to include in the amount in controversy. See id.

Plaintiff cites cases in which courts declined to include statutory penalties in the amount in controversy (see Docket No. 9-3 at 17-18), but these cases are distinguishable. The cases plaintiff cites involved defendants who "simply assume[d] that because a civil penalty is available, one will be awarded." Zawaideh v. BMW of N. Am., LLC, No. 17-cv-2151 W

4

(KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018). By contrast, defendant here has "ma[de] some effort to justify th[is] assumption" by "pointing to allegations in the Complaint suggesting [an] award of civil penalties would be appropriate." Id. Moreover, requiring defendant to "offer [further] evidence showing it willfully failed to comply with the Song-Beverly Act" to warrant civil penalties would be "absurd." Brooks v. Ford Motor Co., No. 20-cv-302 DSF KKX, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020); see also Rahman v. FCA US LLC, No. 2:21-cv-02584 SB JCx, 2021 WL 2285102, at *3 (C.D. Cal. June 4, 2021) ("Defendant is not required to prove the case against itself" to merit including civil penalties in amount in controversy.).

The actual damages and civil penalty place the amount in controversy well over the jurisdictional threshold of $75,000.[3] See 28 U.S.C. § 1332(a). Thus, even without taking into account attorneys' fees, incidental damages, consequential damages, and punitive damages -- all of which may be included in the amount in controversy, see Gonzales, 840 F.3d at 648-69 -- defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Chavez, 888 F.3d at 416. Accordingly, the court will deny plaintiff's motion to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to remand the case to the state court (Docket No. 9-3) be, and the same hereby is, DENIED.

---

[3] Actual damages of $28,926.41 plus two times that amount in civil penalties is $86,779.23.

5

Dated: December 29, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE